LUSTER *v.* ROBINSON.

Opinion delivered July 1, 1905.

JUDGMENT—CONSTRUCTION.—Where a note was executed to a person named, followed by certain initials constituting his official title in a certain society, and a judgment thereon was rendered in his favor which followed the language of the note, the judgment was rendered in his favor individually, and not as representative of the society.

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Affirmed.

STATEMENT BY THE COURT.

In 1893, D. A. Robinson was a member of an incorporated society known as the "United Brothers of Friendship and Sisters of the Mysterious Ten." He held the office of Grand Master for Arkansas in that society. While he held this office, J. T. Thompson, Bryant Luster and John Beverly executed to him a promissory note in words and figures as follows:

"Ninety days after date we promise to pay to the order of D. A. Robinson, G. M. U. B. F. & S. M. T., fifty dollars, for value received, negotiable and payable without defalcation or discount at the office of the Citizens' Bank of Little Rock, Ark., with interest from date at the rate of ten per cent. per annum from date until paid."

Robinson brought suit on this note against the defendants, who were duly summoned, and judgment by default was rendered against them by T. W. Wilson, justice of the peace, for the amount of the note and interest. The judgment commences by reciting that "On April 20, 1894, the plaintiff, D. A. Robinson, as G. M. U. B. F. & S. M. T., heretofore filed his complaint against the defendants," etc. It then recites that the defendants came not, but made default, and that the action was founded on a promissory note, which is set out in full in the judgment. The judgment then proceeds as follows: "Whereupon it is considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendants the sum of fifty dollars for the principal debt, and the further sum of two dollars interest to this debt, and all costs herein expended, and have execution therefor; this judgment to bear interest at the rate of ten per cent. per annum until paid."

In March, 1903, Robinson brought suit on this judgment against Bryant Luster. On the trial the defendant set up that the note upon which this judgment was based was executed to Robinson as Grand Master of the "United Brothers of Friendship and Sisters of the Mysterious Ten," in payment of a debt which J. T. Thompson owed to that society, and that Robinson had no personal interest in the note or in the judgment based thereon; that afterwards the defendant compromised and paid off the judgment to the successor of Robinson in the office of Grand Master.

Robinson claimed that the note was executed for an individual debt, in which the society had no interest. The justice found in favor of plaintiff, and in a trial *de novo* in the circuit court the same judgment was rendered, from which the defendant appealed.

*L. J. Brown,* for appellant.

The evidence does not sustain the verdict and judgment. The suit was begun in the representative or official capacity of appellee, and it was error to permit an amendment substituting the appellee in his individual capacity as a party. 5 Watts (Pa.), 176; 64 Tex. 375; 1 Black, Judg. § 158; 69 Ark. 52; 33 Ark. 454; 32 Ark. 454; 33 Ark. 475.

*Marshall & Coffman,* for appellee.

The initials following appellee's name were mere descriptions of person, and did not render the suit one by him in a representative capacity. 5 Ark. 475; 3 Ark. 266, 478; 1 Ark. 240; 7 Ark. 103; 13 Ark. 399; 42 Am. Dec. 376; 62 Ark. 622; 25 Ark. 20; 55 Am. Dec. 387; 47 *Id.* 145.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment of the circuit court, in a case tried before the judge of that court without a jury. The court was not asked to make any declarations of law, and the only question presented by the appeal is whether the evidence is sufficient to support the finding and judgment of the court in favor of plaintiff. The note upon which the judgment sued on was based was made payable to D. A. Robinson, G. M. U. B. F. & S. M. T. The evidence shows that these letters stand for Grand Master, United Brothers of Friendship and Sisters of the Mysterious Ten. But this title, following the name of the payee in the note, was only a designation of the person to whom it was to be paid, and, considered in connection with other parts of the note, shows that the note was to Robinson in his own right. The suit in which the first judgment on this note was rendered was brought before a justice of the peace, and no complaint was filed except the note itself. The note shows on its face that it was due to Robinson in his own right, and not as the representative of the society, and was set out in full in the judgment. When the judgment is considered as a whole, we do not think that it

shows that it was rendered in favor of Robinson in his representative capacity. The evidence as to whether the plaintiff or the society was the real owner of this judgment was conflicting, and the finding of the court that he was the owner has evidence to support it.

Though the case is a close one on the evidence, the finding of the circuit court settles the case, so far as the facts are concerned; and, as no error of law appears, the judgment must be affirmed. It is so ordered.